SIERRA CLUB, INC., People for Protecting Peace River, Inc., Manasota-88, Inc., Plaintiffs-Appellees,

v.

UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants,

Mosaic Fertilizer, LLC, Intervenor-Defendant-Appellant.

No. 10-13613.

United States Court of Appeals, Eleventh Circuit.

April 8, 2011.

Elliot H. Scherker, Kerri L. Barsh, Brigid F. Cech Samole, Greenberg Traurig LLP, Miami, FL, Frank E. Matthews, Hopping, Green & Sams, P.A., Tallahassee, FL, Kimberly S. Mello, David Barnett Weinstein, Greenberg Traurig LLP, Tampa, FL, for Intervenor-Defendant-Appellant.

Eric E. Huber, Douglas P. Hayes, Sierra Club, Boulder, CO, Patrick Gallagher, Sierra Club, San Francisco, CA, Brad E. Kelsky, Law Offices of Brad E. Kelsky, P.A., Plantation, FL, Thomas W. Reese, Attorney at Law, St. Petersburg, FL, for Plaintiffs-Appellees.

Before MARTIN, FAY and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Mosaic Fertilizer, LLC (Mosaic), a phosphate mining company engaged in significant operations in Hardee County, Florida, appeals the order by the district court remanding a mining-permit issued by the United States Army Corps of Engineers (Corps) back to the agency and further enjoining Mosaic from conducting operations approved in that permit. Specifically, the district court concluded the permit's issuance did not comply with the requirements of the Clean Water Act, 33 U.S.C. §§ 1251-1376, and that the Plaintiff-Appellees had demonstrated they were entitled to preliminary injunctive relief. In this interlocutory appeal, Mosaic argues the district court's order was a de facto determination of the merits of the Clean Water Act issue that exceeded the proper scope of preliminary injunctive relief. Based upon our review of the briefs, and with the benefit of oral argument, we conclude the district court's remand of the permit to the Corps was improper because it was effectively a final judgment on the merits.

The district court based the entry of the preliminary injunction entirely on letters from the Environmental Protection Agency which expressed concerns with the permit, and failed to apply the arbitrary and capricious standard in evaluating the Corps' practicable alternatives analysis. While the Environmental Protection Agency letters may prove to be helpful in evaluating the ultimate merits of the Clean Water Act claim, the full record will need to be analyzed through the deferential lens mandated by the Administrative Procedure Act to determine whether the Corps came to a rational conclusion.

Based on the limited record before us, and the lack of a response from the Corps on appeal, we are presently no better equipped to resolve this dispute than was

the district court.[1] We therefore vacate the preliminary injunction, set aside the remand to the Corps, and remand this case to the district court for consideration on the merits, after receiving the full Administrative Record.[2]

Due to the unique circumstances presented by this case, we direct the district court to stay the issuance of the permit for 90 days from the date of this order to permit the district court to proceed to a merits determination on the full record.[3]

**VACATED AND REMANDED.**

---

1. Counsel for Mosaic requested additional time to file a supplemental response. We have determined a supplemental response to the issue he wished to address would not have any effect on this decision.

2. We take no position on the merits of the Plaintiff–Appellees' alternative grounds for relief.

3. The parties may stipulate to a shorter or longer stay.